ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. CV 100-050 |
| Plaintiff, | |
| vs. | |
| FEDERAL EXPRESS CORPORATION, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of religion and retaliation, and to provide appropriate relief to the charging party, Mr. Khaleed Abdul-Azeez, a former employee of Defendant, and any other similarly situated persons who applied for employment with, are now employed by, or will in the future be employed by or seek employment with Defendant, as a class. Defendant discriminated against Mr. Abdul-Azeez based on his religion, Islam, in violation of Title VII by failing to accommodate his sincerely held religious beliefs and by eventually discharging him. Defendant also discharged Mr. Abdul-Azeez in retaliation for engaging in activity protected under Title VII.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII); Section 707 of Title VII, 42 U.S.C. § 2000e-6; and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Augusta Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1), and Section 707 of Title VII, 42 U.S.C. § 2000e-6.

4.  At all relevant times, Defendant Federal Express Corporation (the "Defendant") has continuously been a corporation doing business in the State of Georgia and the city of Augusta, Georgia, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C.

§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Mr. Abdul-Azeez filed a charge with the Commission alleging a violation of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 1998, Defendant has engaged in unlawful employment practices at its Augusta, Georgia facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Mr. Abdul-Azeez (a courier/driver for Defendant) to religious discrimination. Specifically, Defendant has maintained a nation-wide policy and practice that prohibits the wearing of beards in customer contact positions. The policy contains an exception for persons who need to retain their beards for medical reasons. However, Defendant refused to make an exception to this policy to accommodate the sincerely held, Islamic, religious beliefs of Mr. Abdul-Azeez that require Muslim males to wear beards, despite Mr. Abdul-Azeez's requests to the Defendant that it accommodate these religious beliefs and despite the fact that Defendant could have provided such accommodations without undue hardship. Instead, Defendant discharged Mr. Abdul-Azeez.

8. Also in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), and Section 707 of Title VII, 42 U.S.C. § 2000e-6, Defendant's nation-wide, no-beard policy discriminates against other similarly situated persons whose religious beliefs require them to wear beards and who applied for employment with, are now employed by, or will in the

future be employed by or seek employment with Defendant in customer contact positions, as a class

9. Defendant also has engaged in unlawful employment practices at its Augusta, Georgia facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Mr. Abdul-Azeez in retaliation for engaging in activity protected under Title VII, including opposing what Mr. Abdul-Azeez reasonably and in good faith believed to be unlawful religious discrimination and participating in a proceeding under Title VII by filing a charge of discrimination.

10. The effect of the policy and practices complained of in paragraphs 7, 8, and 9 above has been to deprive Mr. Abdul-Azeez and any other similarly situated persons of equal employment opportunities, and to otherwise adversely affect Mr. Abdul-Azeez's status as an employee because of his religion and because he engaged in activity protected by Title VII.

11. The unlawful employment practices complained of in paragraphs 7, 8, and 9 above were intentional and carried out with malice and/or reckless indifference to the federally protected rights of Mr. Abdul-Azeez and any other similarly situated persons.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from (i) engaging in

religious discrimination, (ii) failing to reasonably accommodate the sincerely held religious beliefs of its employees and job applicants, (iii) terminating and/or refusing to employ individuals because of their religious beliefs, (iv) taking adverse employment action against employees because they engage in activity protected by Title VII, and (v) engaging in any other activity in violation of Title VII.

  B. Order Defendant to institute and carry out policies, practices, and programs that prohibit its employees, officers, agents, and others working on its behalf from (i) engaging in religious discrimination, (ii) failing to reasonably accommodate the sincerely held religious beliefs of its employees and job applicants, (iii) terminating and/or refusing to employ individuals because of their religious beliefs, (iv) taking adverse employment action against employees because they engage in activity protected by Title VII, and (v) engaging in any other activity in violation of Title VII.

  C. Order Defendant to make whole Mr. Abdul-Azeez and any other similarly situated persons who were adversely affected by Defendant's discriminatory and/or retaliatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and/or rightful-place reinstatement of Mr. Abdul-Azeez and any other similarly situated persons.

  D. Order Defendant to make whole Mr. Abdul-Azeez and any other similarly situated persons by providing compensation for past and future pecuniary losses resulting

from the unlawful employment practices described above, including relocation expenses, job search expenses and medical expenses, in amounts to be determined at trial.

E.  Order Defendant to make whole Mr. Abdul-Azeez and any other similarly situated persons by providing compensation for non-pecuniary losses, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay to Mr. Abdul-Azeez and any other similarly situated persons punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

C. GREGORY STEWART
General Counsel Designate

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

[signatures continued on following page]

S. ROBERT ROYAL
Regional Attorney
Colorado Bar No. 9159

_____
ROSEMARIE RHODES
Supervisory Trial Attorney
Pennsylvania Bar No. 10359

_____
STEVEN M. TAPPER
Senior Trial Attorney
Georgia Bar No. 698018

U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
ATLANTA DISTRICT OFFICE
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6820 or 6932
Facsimile: (404) 562-6905